# EXHIBIT A

# EXHIBIT A

1   Jacob Karczewski, Esq. (SBN 268295)
    Saima Ali, Esq. (SBN 324752)
2   **EMPLOYEE JUSTICE LEGAL GROUP, PC**
    3055 Wilshire Boulevard, Suite 1120
3   Los Angeles, California 90010
    Telephone: (213) 382-2222
4   Facsimile: (213) 382-2230
    Email:   jkarzewski@ejlglaw.com
5            sali@ejlglaw.com

6   Attorneys for Plaintiff,
    Daisy Alvarez
7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

10                 **FOR THE COUNTY OF LOS ANGELES**

11

12   DAISY ALVAREZ, an individual,              Case No.: **20STCV10394**

13                        Plaintiff,            **CLASS ACTION**

14        vs.

15   SHERATON OPERATING                         CLASS ACTION COMPLAINT FOR
     CORPORATION., a Delaware corporation;      VIOLATIONS OF THE CALIFORNIA LABOR
16   MARRIOTT INTERNATIONAL, INC.; and          CODE, PRIVATE ATTORNEY GENERAL ACT
     DOES 1 through 50, inclusive,              OF 2004, AND THE CALIFORNIA BUSINESS
                                                AND PROFESSIONS CODE §§ 17200, et seq.
17                       Defendants.            **By Fax**

18

19        Plaintiff Daisy Alvarez (hereinafter "Plaintiff") on behalf of herself and all other similarly

20   situated individuals, complains and alleges as follows:

21                            **INTRODUCTION**

22        1.      This is a class action against Sheraton Operating Corporation ("Sheraton") and

23   Marriott International, Inc. ("Marriott") (collectively, "Defendants") for alleged violations of the

24   California Labor Code and Private Attorney General Act of 2004 ("PAGA").

25        2.      Plaintiff alleges that Defendants have violated the California Labor Code by

26   failing to (1) pay Plaintiff and similarly situated employees all wages owed, (2) pay overtime

27   premiums, (3) provide legally compliant meal breaks, (4) provide legally compliant rest breaks,

28

-1-

PLAINTIFF'S CLASS ACTION COMPLAINT

(5) provide accurate itemized wage statements, and (6) pay all wages owed to Plaintiff and similarly situated employees' that quit or were terminated.

3.     Plaintiff and the members of the putative class are (1) current and former hourly, non-exempt workers, employed by Defendants in the state of California, and (2) other non-exempt hourly workers who are or were either (a) permitted by Defendants to work in the State of California, who were (b) subject to the control by Defendants in the manner and means of the work they performed, or in wages they were paid, or hours they worked, or (c) where Defendants have or had the right to control the general performance of work functions of workers at its facilities. "Employees" hereinafter refers to both employees of Defendants, and any workers that are joint employees of Defendants and any other legal entity including but not limited to third-party staffing companies.

**JURISDICTION**

4.     This Court has jurisdiction over this matter, which is properly filed in Los Angeles County Superior Court because some of Defendant Sheraton and Defendant Marriott's business operations are located in Los Angeles County, and all obligations and liability arose therein. In addition, Defendants maintain business locations and transacts business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

**PARTIES**

5.     Plaintiff was and is at all times relevant hereto a resident of the County of Los Angeles, State of California.

6.     Defendant Sheraton Operating Corporation is a Delaware corporation, conducting business in California. Defendant Sheraton provides lodging and restaurants throughout the United States, including California.

7.     Defendant Marriott International, Inc. is a Delaware corporation, conducting business in California. Defendant Marriott is an American multinational hospitality company that manages and franchises a broad portfolio of hotels and related lodging facilities, including Sheraton Operating Corporation.

8.     At all relevant times, Defendants were Plaintiff's employer within the meaning of the California Labor Code and California Industrial Welfare Commission ("IWC") Order No. 5-2001.

9.     The true names and capacities, whether individual or corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time and therefore these Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to the Plaintiff as alleged hereinafter.

10.     Plaintiff is informed and believes and based thereupon alleges, that at all times relevant hereto, Defendants and each of them, were agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

11.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and reference shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

12.     Plaintiff is informed and believes, and based thereupon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1 through 50 inclusive that the individuality and separateness of Defendants have ceased to exist.

13.     Plaintiff is informed and believes, and based thereupon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1 through 50 inclusive are, in reality, one and the same as Defendants including but not limited to because:

a.     Defendants are completely dominated and controlled by DOES 1 through 50, who personally committed the frauds and violated the laws set forth in this complaint, and

1   who have hidden and currently hide behind Defendant to perpetrate frauds, circumvent statutes,

2   or accomplish some other wrongful or inequitable purpose.

3           b.    DOES 1 through 50 inclusive derive actual and significant monetary

4   benefits by and thorough Defendant's unlawful conduct, and by using Defendants as a funding

5   source of their personal expenditures.

6           c.    Plaintiff is informed and believes and thereupon alleges that Defendants

7   and DOES 1 through 50 inclusive, while really one and the same, were segregated to appear as

8   though separate and distinct for the purposes of perpetrating a fraud, circumventing a statute, or

9   accomplishing some other wrongful or inequitable purpose.

10          d.    Plaintiff is informed and believes and thereupon alleges that Defendant

11  does not comply with all requisite corporate formalities to maintain legal and separate corporate

12  existence.

13          e.    Plaintiff is informed and believes and thereupon alleges, that the business

14  affairs of Defendants and DOES 1 through 50 inclusive are, and at all times relevant were, so

15  mixed and intermingled that the same cannot reasonably be segregated, and the same are

16  inextricably intertwined. Defendants are, and at all times relevant hereto were, used by DOES 1

17  through 50 inclusive as a mere shell and conduit for the conduct of certain Defendants' affairs

18  and are, and were, the alter ego of DOES 1 though 50 inclusive. The recognition of the separate

19  existence of Defendants would not promote justice, in that it would permit Defendants to

20  insulate themselves from liability to Plaintiff for violations of law. The corporate existence of

21  Defendant and DOES 1 through 50 inclusive is necessary to avoid fraud and injustice to

22  Plaintiff herein.

23          f.    Accordingly, Defendants constitute the alter ego of DOES 1 through 50

24  inclusive, and the fiction of their separate corporate existence must be disregarded.

25          g.    As a result of the aforementioned facts, Plaintiff is informed and believes,

26  and based thereupon alleges that Defendants and DOES 1 through 50 inclusive are Plaintiff's

27  joint employers by virtue of a joint enterprise, and that Plaintiff and other similarly situated

28  workers were employees of Defendants and DOES 1 through 50 inclusive. Plaintiff and

-4-

1  similarly situated workers performed services for each and every one of Defendants, and to the

2  mutual benefit of all Defendants, and all Defendants shared control over Plaintiff and similarly

3  situated workers as employees, either directly or indirectly, and the manner and means by which

4  Defendants' business was and is conducted.

5  **FACTUAL ALLEGATIONS**

6  14.    Plaintiff worked as a housekeeper for Defendants from approximately March 24,

7  2016 to February 5, 2019.

8  15.    Plaintiff was hired to work at Defendants' hotel in Beverly Hills, California

9  called SLS Hotel, located at 465 S. La Cienega Blvd., Los Angeles, California 90048.

10  16.    Plaintiff and the putative class members are, and at all times pertinent hereto

11  have been, Defendants' non-exempt, hourly housekeeping workers within the meaning of

12  California Labor code § 500 and the rules and regulations of the California IWC Wage Orders.

13  17.    Plaintiff and the putative class members were given a quota of thirteen (13)

14  credits that they must accrue by the end of their workdays. Plaintiff and the putative class

15  members accrued credits by cleaning rooms. For example, Plaintiff and putative class members

16  earned one credit for cleaning a regular room and could earn 1.5 credits for cleaning a suite.

17  Each day, at the beginning of their shifts, Plaintiff and the putative class members would learn

18  of their room assignments from a sheet posted by their supervisor. If Plaintiff and the putative

19  class members did not meet the daily quota of credits, they would be given warnings from their

20  supervisors, sent to the see the director, were written up, and reprimanded.

21  18.    Plaintiff worked five days a week for Defendant. Plaintiff was scheduled to work

22  eight (8) hours a day, however, would often work more than her scheduled hours, resulting in

23  her routinely working overtime each week. Despite working over eight (8) hours a day and/or

24  forty (40) hours a week, Plaintiff was not paid at the overtime rate for all her hours as required

25  by the Labor Code. Plaintiff and the putative class members were discouraged from accruing

26  overtime hours. When Plaintiff and the putative class members did work over eight (8) hours a

27  day or forty (40) hours a week, they were paid at a rate of $7 per room in lieu of their overtime

28

1  rate. Despite employing a piece-rate pay system for overtime hours, Defendants did not comply
2  with Labor Code § 226.2.

3       19.    Further, Plaintiff and the putative class were denied meal breaks required under
4  California Labor Code §§ 226.7 and 512. Specifically, Plaintiff and the putative class members
5  were unable to take a 30-minute, uninterrupted meal break due to Defendants' policies and
6  practices of forcing Plaintiff and the putative class members to perform work by not relieving
7  them of their duty. Further, when Plaintiff and the putative class members were clocked out for
8  their meal breaks, they would often be interrupted by their supervisors and pressured to get
9  rooms ready for customers or discuss other job-related topics, such as lost items that needed to
10 be found. In addition, the timing of meal breaks also violated California law when the breaks
11 started too late. Plaintiff and the putative class were denied a second meal break when they
12 worked shifts over 10 hours. Defendant did not compensate Plaintiff or the putative class with
13 meal break penalty payments as required under the Labor Code.

14      20.    Despite being unable to take a meal break, Plaintiff and the putative class
15 members were required to clock out as if they took a thirty (30) minute meal break.

16      21.    Further, Plaintiff and the putative class were denied rest breaks required under
17 California Labor Code §§ 226.7 and 512. Specifically, Plaintiff and the putative class members
18 were unable to take a two 10-minute, uninterrupted rest breaks due to Defendant's policies and
19 practices of forcing Plaintiff and the putative class members to perform work by not relieving
20 them of their duty. Further, Plaintiff and the putative class members were under constant
21 pressure to complete their assignments so they may accrue the necessary amount of credits per
22 day. In addition, the timing of rest breaks also violated California law when the breaks started
23 too late. Plaintiff and the putative class were denied a third rest break when they worked shifts
24 over 10 hours. Defendant did not compensate Plaintiff or the putative class with rest break
25 penalty payments as required under the Labor Code.

26      22.    Defendants were aware that Plaintiff and the putative class members were being
27 denied proper meal and rest breaks. Plaintiff raised the issue of the lack of rest breaks at almost
28 every monthly meeting held by Defendants between 2017 and 2018. Plaintiff and the putative

1    class members were informed by Defendants' Human Resources representative that rest breaks

2    were optional, and that the housekeeping staff could choose to take a break or not.

3        23.    Plaintiff and the putative class members were not paid at least minimum wage for

4    all their hours worked in violation of the Labor Code due to this unlawful thirty-minute

5    deduction of a meal period and unlawful practice of compensating overtime hours at a rate

6    below minimum wage per room.

7        24.    Defendants issued Plaintiff and the putative class inaccurate wage statements,

8    that failed to account for all their hours, all their overtime hours, and all meal and rest break

9    premiums owed, thus violating California Labor Code § 226(a), 226.3 and 226.2.

10       25.    Per Labor Code 226.2, Defendants were required to but failed to:

11          a.  Separately list the number of piece rate units for each employee for each pay

12              period in violation of Labor Code § 226(a)(3);

13          b.  Pay employees "for rest and recovery periods and other nonproductive time

14              separate from any piece-rate compensation" in violation of Labor Code §

15              226.2(a)(1);

16          c.  List the "total hours of compensable rest and recovery periods, the rate of

17              compensation, and the gross wages paid for those periods during the pay period"

18              in violation of Labor Code § 226.2(a)(2)(A);

19          d.  Accurately calculate, record, and/or compensate employees for non-productive

20              time in violation of Labor Code § 226.2(a)(5);

21          e.  List any rates of pay for employees on its wage statements in violation of Labor

22              Code § 226(a)(9);

23          f.  List the total hours worked in violation of Labor Code § 226(a)(2);

24       26.    As a result of not paying Plaintiff and the putative class for all hours worked and

25    meal and rest break penalties owed due to missed breaks, Plaintiff and the putative class are still

26    owed wages and penalties. With respect to all former employees, Defendant has failed to timely

27    pay wages due to those putative class members in violation of the California Labor Code §§ 201

28    and 202.

-7-

## CLASS ACTION ALLEGATIONS

27.     **Proposed Class:** The proposed class that Plaintiff will ask this Court to certify is defined as follows:

> All current and former non-exempt, hourly paid housekeepers who worked for Defendants in California between February 5, 2015, and through the date that class notice is mailed to the class (this time frame is hereinafter referred to as the "relevant time period").

28.     Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

29.     This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure section 382 because there is a well-defined community of interest among numerous persons who comprise a readily ascertainable class.

30.     **Numerosity and Ascertainability:** The potential number of putative class members as defined below is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of putative class members estimated to be greater than 100 individuals, the identify of and membership in the putative class can readily be ascertained from employment records maintained by Defendants.

31.     **Superiority**: The nature of this action and the nature of laws available to Plaintiff make use of the class action format particularly efficient and appropriate under the circumstances presented in this lawsuit. By establishing a technique whereby the claims of many individuals' claims can be resolved at the same time, the class both eliminates the possibility of repetitious litigation and provides small-value claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual putative class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual putative class members to seek relief. A class action will serve an important public interest by

1   permitting such individuals to effectively pursue recovery of the sums owed to them.  Further,

2   class litigation prevents the potential for inconsistent or contradictory judgments if individual

3   putative class members were to litigate separately.  Finally, class litigation will preserve

4   valuable judicial resources by having all issues decided by one court in once venue.

5       32.    **Well-Defined Community of Interest**:  Plaintiff and the putative class meet the

6   established standard for class certification (*See e.g., Lockheed Martin Corp. v. Superior Court*,

7   29 Cal.4th 1096 (2003)), as follows:

8           a.    **Typicality**: the claims of Plaintiff are typical of the putative class because

9   all members of the putative class sustained substantially identical injuries and damages arising

10  out Defendants' policies, practices, and common course of conduct in violation of California's

11  law and the injuries and damages of all putative class members were caused by Defendants'

12  wrongful conduct in violation of California law.  There are no facts known to Plaintiff that

13  would subject her to defenses unique from those of the applicable to the putative class.

14          b.    **Adequacy**:  Plaintiff is an adequate representative of the putative class

15  she seeks to represent.  She has agreed to fairly protect the interests of the putative class.  She is

16  aware of the duties required of her in acting as the class representative.  She has no interests

17  antagonistic to the putative class.  Finally, she has agreed to vigorously pursue this suit through

18  her attorneys who are competent, skilled and experienced in class action litigation in state and

19  federal courts in both California and in the United States more broadly.

20          c.    **Predominant Common Questions of Law and/or Fact Include**:

21          i.  Whether Defendants violated Labor Code §§ 1194 and 510 by not paying

22  all overtime wages due to Plaintiff and the putative class for time spent performing work for

23  Defendants' benefit when that time resulted in hours in excess of eight (8) in one day or forty

24  (40) in one week;

25          ii.  Whether Defendants failed to pay Plaintiff and the putative class

26  members at least minimum wage for all hours worked;

27          iii.  Whether Defendants failed to offer 30-minute uninterrupted meal breaks

28  to Plaintiff and the putative class;

1                   iv.   Whether Defendants failed to start Plaintiff's and the putative class' meal

2  breaks within five hours of the start of any shift;

3                   v.   Whether Defendant failed to offer a third 10-minute uninterrupted rest

4  break and/or a second uninterrupted meal break to Plaintiff and the putative class when they

5  worked over ten hours a day;

6                   vi.   Whether Defendants failed to timely pay former employees for all hours

7  and penalties due upon discharge or resignation;

8                   vii.   Whether Defendants failed to provide accurate itemized wage statements

9  to Plaintiff and the putative class in violation of Labor Code § 226(a), 226.3 and 226.2;

10                   viii.   Whether Defendants' actions alleged in this Complaint constitute unfair

11  competition or unlawful business practices under the California Business and Professions Code

12  sections 17200, *et seq.*;

13                   ix.   Whether Defendants are liable for the labor law violations alleged in this

14  Complaint;

15                   x.   Whether Plaintiff and the putative class are entitled to attorney fees;

16                   xi.   Whether Plaintiff and the putative class are entitled to prejudgment

17  interest;

18                   xii.   Whether Plaintiff and the putative class are entitled to restitution;

19                   xiii.   Whether Plaintiff and the putative class might be required to ultimately

20  justify an individual claim does not preclude maintenance of a class action. *Collins v. Rocha*, 7

21  Cal.2d 232 (1997).

**FIRST CAUSE OF ACTION**
**Failure to Compensate for All Hours Worked**
**Cal. Lab. Code § 204**
**(Against All Defendants)**

24        33.   Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs

25  as though fully set forth herein.

26        34.   California Labor Code § 204 provides that all wages for all work performed must

27  be paid "twice during each calendar month, on days designated in advance by the employer as

28  regular paydays."

-10-

35.     Plaintiff and the putative class are/were required to be paid their regular rate of pay for all hours worked for Defendant during the relevant time period.

36.     Defendant failed to compensate Plaintiff and the putative class for all hours worked at the proper rates of pay due to its illegal policy and/or practice of requiring Plaintiff and putative class members to by deducting thirty (30) minutes from Plaintiff and the putative class members' hours for a meal break that was never actually provided and by not compensating for overtime hours at a time and half of Plaintiff and the putative class members' regular rate of pay.

37.     IWC Wage Order 5-2001 § 11(a); Cal. Code of Regis. Tit. 8, § 11040(11)(a); *see also* 2002 DLSE Manual § 46.6.1, mandate that meal periods during which workers are not relieved of all duties count as hours worked in calculating time worked in a work day. The time Plaintiff and the putative class spent performing work functions during meal periods should have been incorporated into hours worked by Plaintiff and the putative class, but Defendants knowingly, willingly and intentionally refused to include that time in hours worked.

38.     In violation of California law, Defendants knowingly and willfully refused to perform its obligations in recording and paying for all working time performed by Plaintiff and the putative class such that Plaintiff and the putative class were not compensated for all time worked.  Defendants' conduct was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

39.     As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial.

40.     Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

41.     Defendants' failure to comply with Labor Code § 204 triggers penalties under California Labor Code § 2699(f).

/ / /

-11-

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**(Against All Defendants)**

42.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

43. California Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

44. IWC Wage Order 1-2001(3)(A)(1) and 8 Cal. Code Regs. § 11040 provide as follows:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

45. California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

46.     California Labor Code § 200 defines wages as to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

47.    IWC Wage Order 5-2001 § 11(a); Cal. Code of Regs. Tit. 8, § 11040(11)(a); *see also* 2002 DLSE Manual § 46.6.1, mandate that meal periods during which workers are not relieved of all duties count as hours worked in calculating time worked in a work day. The time Plaintiff and the putative class spent performing work functions during meal periods should have been incorporated into hours worked by Plaintiff and the putative class but Defendants knowingly, willingly and intentionally refused to include that time in hours worked.

48.    Further, by failing to compensate overtime hours at a time and half of Plaintiff and the putative class members' regular rate of pay, Defendants further knowingly and willingly refused to pay proper overtime rates for all overtime hours worked.

49.    Defendants' uniform policy and practice of failing to pay Plaintiff and the putative class the proper wages owed for all hours worked is unlawful. As a result of this unlawful policy, Plaintiff and the putative class have worked overtime hours for Defendants without being paid overtime premiums in violation of California law.

50.    In violation of California law, Defendants knowingly and willfully refused to perform its obligations in recording and paying Plaintiff and the putative class for overtime hours worked. Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

51.    As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

52.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

53.    Defendants' failure to pay overtime triggers penalties under California Labor Code § 2699(f).

/ / /

### THIRD CAUSE OF ACTION
**Failure to Offer Legally Compliant Meal Periods**
**(Against All Defendants)**

54.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

55.     California Labor Code §§ 226.7 and 512 (a), (b), and (d), and the applicable IWC Wage Orders require Defendants to provide meal breaks to Plaintiff and the putative class. Under California law, unless the employee is relieved of all duty during the 30-minute meal period, the employee is considered "on duty" and the meal is counted as time worked under the applicable wage orders.  Defendants' requirement that Plaintiff and the putative class perform work duties during their breaks denies them the opportunity of taking uninterrupted meal breaks pursuant to California law.

56.     Furthermore, Plaintiff and the putative class were often prevented from taking their meal breaks before the end of the fifth hour and were not offered second meal breaks for shifts ten hours or longer at all.

57.     Under Labor Code § 226.7(b)-(c) and the applicable wage orders, an employer who fails to provide required meal periods must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday in which a meal period was not provided.

58.     In violation of California law, Defendants knowingly and willfully prevented Plaintiff and the putative class from having the opportunity to take uninterrupted, 30-minute meal breaks.  Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

59.     As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of

1    trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney

2    fees and costs set forth below.

3        60.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

4        61.    Defendants' failure to comply with Labor Code §§ 226.7 and 512 (a), (b), and (d

5    triggers penalties under California Labor Code § 2699(f).

**FOURTH CAUSE OF ACTION**
**Failure to Offer Legally Compliant Rest Periods**
**(Against All Defendants)**

8        62.    Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs

9    as though fully set forth herein.

10       63.    California Labor Code §§ 226.7 and 512(c) and the applicable IWC Wage Orders

11   require Defendants to provide rest breaks to Plaintiff and the putative class.  Under California

12   law, if the employee is not relieved of all duty during the ten-minute rest period, the employee is

13   considered "on duty." This time is also counted as time worked under the applicable wage order.

14   Defendants' requirement that Plaintiff and the putative class perform work duties during their

15   breaks denies them the opportunity of taking uninterrupted rest breaks pursuant to California

16   law.

17       64.    Under Labor Code § 226.7(b)-(c) and the applicable wage orders, an employer

18   who fails to provide required rest periods must, as compensation, pay the employee one hour of

19   pay at the employee's regular rate of compensation for each workday in which a rest period was

20   not provided.

21       65.    In violation of California law, Defendants knowingly and willfully prevented

22   Plaintiff and the putative class from having the opportunity to take uninterrupted rest breaks,

23   and failed to offer them a third rest break when they worked over ten hours a day.  Defendants'

24   act in so doing was willful, intentional, deliberate and with an improper motive amounting to

25   malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby

26   entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all

27   damages so allowable under California law, in amounts according to proof at time of trial.

28

-15-

66.     As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

67.     Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

68.     Defendants' failure to comply with Labor Code §§ 226.7 and 512(c) triggers penalties under California Labor Code § 2699(f).

## FIFTH CAUSE OF ACTION
### Failure to Timely Pay Wages Upon Termination
### (Against All Defendants)

69.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

70.     Defendants' failure to pay wages as alleged above was willful in that Defendants knew wages and penalties were due but failed to pay them in violation of California Labor Code §§ 201 and 202, thus triggering waiting time penalties pursuant to Labor Code § 203, which provides that employees' wages shall continue as a penalty to the employer for a period of up to 30 days from the time they were due.

71.     Defendants have routinely, uniformly and deliberately failed to pay Plaintiff and the putative class a sum certain at their termination or within 72 hours of their resignation and have failed to pay those sums for thirty days thereafter.  As such Plaintiff and the putative class are entitled to penalties pursuant to Labor Code § 203.

72.     In violation of California law, Defendants knowingly and willfully refused to pay Plaintiff and the putative class all wages due at the end of their employment with Defendants and did so willfully, intentionally, deliberately and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

73.     As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of

1   trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney

2   fees and costs set forth below.

3       74.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

4       75.    Defendants' failure to comply with Labor Code § 201, 202 and 203 triggers

5   penalties under California Labor Code § 2699(f).

### SIXTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements**
**(Against All Defendants)**

8       76.    Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs

9   as though fully set forth herein.

10       77.    At all relevant times, Plaintiff and the putative class were non-exempt employees

11   covered by California Labor Code §§ 226 and 226.3.

12       78.    California Labor Code § 226(a) states:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

    79.    Labor Code 226.2(a) states in pertinent part:

(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:
(1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

(2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:

(A)  The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

(B)  . . . the total hours of other nonproductive time . . . the rate of compensation, and the gross wages paid for that time during the pay period . . .

(5) The amount of other nonproductive time may be determined either through actual records or the employer's reasonable estimates, whether for a group of employees or for a particular employee, of other nonproductive time worked during the pay period.

80.     Defendants knowingly and intentionally failed to include required information on Plaintiff's and the putative class members' wage statements as required by Labor Code § 226(a) subsections (1)-(4), and (9), and section 226.2(a) subsections (1)(a), (2)(A), (2)(B),(5).

81.     As a result of Defendants' issuance of inaccurate wage statements, Plaintiff and the putative class were unable to promptly and easily determine from the wage statements alone the information required to be present by Labor Code § 226(a) subsections (1)-(4), and (9), and section 226.2(a) subsections (1)(a), (2)(A), (2)(B),(5).  Indeed, it is nearly impossible to discern whether Plaintiff and the putative class were paid properly by referring to face of the wage statements alone.

82.     Labor Code § 226(e) states:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

83.     Labor Code § 226.3 states:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

84.     In violation of California law, Defendants knowingly and intentionally issued Plaintiff and the putative class inaccurate wage statements in violation of California Labor Code § 226(a), triggering penalties under both sections 226(e) and 226.3.  Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

85.     Plaintiff and the putative class also ask the Court for injunctive relief to end Defendants' illegal issuance of inaccurate wage statements pursuant to California Labor Code § 226(h).

86.     As a direct and proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

87.     Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

88.     Defendants' failure to comply with Labor Code § 226, 226.2, and 226.3 triggers penalties under California Labor Code § 2699(f).

## SEVENTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200, *et seq.*
### (Against All Defendants)

89.     Plaintiff and aggrieved employees re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

90.     California Business and Professions Code §§ 17200, *et seq.*, (hereinafter referred at the "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

91.     UCL section 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

92.     California Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to

-19-

1   work under substandard and unlawful conditions, and to protect employers who comply with the

2   law from those who attempt to gain a competitive advantage at the expense of their employees

3   by failing to comply with minimum labor standards.

4        93.     Beginning at some point before the start of the relevant time period and

5   continuing through it, Defendants committed acts of unfair competition as defined by the UCL,

6   by engaging in the unlawful, unfair and fraudulent business practices and acts described in this

7   Complaint, including but not limited to:

8         a.  Violations of California Labor Code § 204 pertaining to the payment of wages

9   for all hours worked;

10         b.  Violations of California Labor Code §§ 510 and 1194 and IWC Wage Orders

11   pertaining to overtime pay;

12         c.  Violations of California Labor Code §§ 226.7 and 512 and IWC Wage Orders

13   pertaining to meal and rest breaks;

14         d.  Violations of California Labor Code §§ 201-03 pertaining to failure to pay timely

15   wages upon termination;

16         e.  Violations of California Labor Code § 226 pertaining to the provision of itemized

17   accurate wage statements;

18        94.     The violations of these laws and regulations, as well as the fundamental

19   California public policies protecting straight time wages and overtime wages, serve as unlawful

20   predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

21        95.     The acts and practices described above constitute unfair, unlawful and fraudulent

22   business practices, and unfair competition, within the meaning of the UCL.  Among other

23   things, the acts and practices have taken from Plaintiff and the putative class wages rightfully

24   earned by them, while enabling Defendants to gain an unfair competitive advantage over its

25   law-abiding employer-competitors.

26        96.     UCL § 17203 provides that a court may make such orders or judgments as may

27   be necessary to prevent the use or employment by any person of any practice which constitutes

28   unfair competition.

97.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the putative class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

98.    UCL § 17203 provides a court may restore to any person in interest money or property which may have been acquired by means of such unfair competition.  Plaintiff and the putative class are entitled to restitution pursuant to UCL § 17203 for all wages and payments unlawfully withheld from the Class members during the four-year period prior to filing this Complaint.

99.    UCL § 17202 provides "notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and the putative class are entitled to all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

100.    Plaintiff's success in this action will enforce the important rights affecting the public interest, and in that regard Plaintiff sues on behalf of herself as well as others similarly situated and, accordingly, pursuant to the UCL, this Court should make such orders or judgments as may be necessary to prevent use or employment by Defendants of any unlawful or deceptive practices prohibited by the UCL, including but not limited to disgorgement of ill-gotten gains, which may be necessary to restore Plaintiff and the putative class the money Defendants have unlawfully failed to pay.

101.    Plaintiff herein takes it upon herself to enforce these lawful claims.  There is a financial burden involved in pursuing this action, an action seeking to vindicate a public right, and it would be against the interest of justice to penalize Plaintiff by forcing his and/or his class to pay other parties' attorney fees from the recovery in this action pursuant to California's Code of Civil Procedure §1021.5 and otherwise.

102.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

/ / /

/ / /

/ / /

## NINTH CAUSE OF ACTION
PAGA, Cal. Lab. Code § 2699, *et seq.*
(Against All Defendants)

103. Plaintiff and aggrieved employees re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

104. Plaintiff is an aggrieved employee as defined in California Labor Code section 2699(c) because at all relevant times during his employ with Defendants, she was denied proper overtime wages, wages for all hours worked, meal and rest breaks, and accurate wage statements.

105. PAGA permits Plaintiff, as an aggrieved employee, to recover penalties on behalf of herself and other current and former employees as a result of the employer's violations of the California Labor Code.

106. Plaintiff sent notice to the LWDA and the Defendants of the violations described herein on February 5, 2020, in compliance with California Labor Code section 2699.3(a)(1). Plaintiff res-sent the notice to Defendants via their agent of service on March 3, 2020. Plaintiff has received no indications from the LWDA that it intends to investigate the allegations set forth in Plaintiff's notice and in this Complaint.

### Count I - Failure to Compensate for All Hours Worked

107. Defendants have a pattern and practice of deducting thirty minutes from Plaintiff and the aggrieved employees' hours, and thus are failing to pay the California minimum wage for all hours Plaintiff and the aggrieved employees worked in violation of Cal. Lab. Code § 204.

108. Further, Defendants have a pattern and practice of compensating overtime hours below the minimum wage.

109. Plaintiff reincorporates paragraphs 33-41 as if fully set forth herein.

### Count II - Failure to Pay Overtime Wages

110. Defendants have a pattern of practice of failing to pay all overtime wages for hours worked over eight hours in a day or forty hours in a week as required by the Cal. Lab. Code § 510, 1194 and the IWC Wage Order 5-2001. Instead Defendants pay at a base rate per room cleaned, which is set below the minimum wage for any overtime hours worked.

-22-

111.   Defendants also violated IWC Wage Order 5-2001 by failing to calculate missed meal breaks as hours worked for purposes of overtime pay.

112.   Plaintiff reincorporates paragraphs 42-53 as if fully set forth herein.

<u>Count III – Failure to Offer Meal or Rest Breaks</u>

113.   Defendants do not provide Plaintiff or the aggrieved employees with 30-minute, uninterrupted meal breaks or at least two 10-minute rest breaks in violation of Cal. Lab. Code §§ 226.7 and 512.

114.   Plaintiff reincorporates paragraphs 54-68 as if fully set forth herein.

<u>Count IV – Failure to Timely Pay Wages Upon Termination</u>

115.   As a result of not paying Plaintiff or the aggrieved overtime premium wages and minimum wage for all hours worked, Defendant also violated Cal. Lab. Code §§ 201, 202, and 203 by failing to pay Plaintiff and the aggrieved employees all wages due upon termination.

116.   Plaintiff reincorporates paragraphs 69-75 as if fully set forth herein.

<u>Count V – Provide Accurate Itemized Wage Statements</u>

117.   Defendant failed to provide accurate wage statements to Plaintiff and the aggrieved employees in violation of Cal. Lab. Code §§ 226, 226.2, and 226.3.

118.   Plaintiff reincorporates paragraphs 76-88 as if fully set forth herein.

119.   PAGA permits Plaintiff, as an aggrieved employee, to recover penalties on behalf of herself and other current and former employees as a result of the employers' violations of California Labor Code § 1198.

120.   As a result of the violations alleged herein, Plaintiff, aggrieved employees on behalf of themselves and other current and former security guards employed by Defendants in California, seek all civil penalties available pursuant to Labor Code § 2699.  Therefore, pursuant to Labor Code 2699, Plaintiff, as an aggrieved employee, and on behalf of all other aggrieved employees, is entitled to collect all civil penalties, attorney fees, interest, costs and expenses related this Complaint.

///

///

PLAINTIFF'S CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

A.  For compensatory damage in the amount of Plaintiff's and each putative class member's unpaid wages, including premium wages, and unpaid overtime, from at least four years prior to the filing of this action to the present as may be proven;

B.  For liquidated damages pursuant to California Labor Code § 1194.2(a) in an amount equal to the minimum wage compensation unlawfully withheld from four years prior to filing this action to the present, as may be proven;

C.  For statutory and civil penalties pursuant to every California Labor Code section relied upon in this Complaint;

D.  Injunctive relief pursuant to California Labor Code 226(h);

E.  An award of prejudgment and post judgment interest;

F.  For restitution for unfair competition pursuant to the UCL, including disgorgement of profits, in any amount as may be proven;

G.  An award providing for payment of costs of the suit;

H.  For an order awarding Plaintiff and the putative class compensatory damages including lost wages, premium pay, earnings and other employee benefits and all other sums of money owed to Plaintiff and the putative class together with interest on these amounts, according to proof;

I.   An award of attorney fees;

J.   For an order appointing Plaintiff class representative and Plaintiff's counsel class counsel for all classes and subclasses included in this Complaint; and

For such other and further relief as this Court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /

1

## JURY TRIAL DEMANDED

2    Plaintiff hereby demands trial by jury of all issues so triable.

3

4    DATED: March 13, 2020                    **EMPLOYEE JUSTICE LEGAL GROUP, PC**

5

6                                             By: _____

7                                             Jacob Karczewski, Esq.
                                              Saima Ali, Esq.
8                                             Attorneys for Plaintiff
                                              Daisy Alvarez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28