SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREG S. LABATE, Cal. Bar No. 149918
glabate@sheppardmullin.com
TYLER Z. BERNSTEIN, Cal. Bar No. 296496
tbernstein@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendants
SHERATON OPERATING CORPORATION
and MARRIOTT INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY ALVAREZ, an individual, | Case No. 2:20-cv-03608 TJH (JCx) |
| Plaintiff, | *Assigned to:  Hon. Terry J. Hatter, Jr.* |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. PROC. 12(b)(6), OR IN THE ALTERNATIVE, STRIKE UNDER FED. R. CIV. PROC. 12(f)** |
| SHERATON OPERATING CORPORATION, a Delaware corporation; MARRIOTT INTERNATIONAL, INC.; and DOES 1 through 50, inclusive, | |
| Defendants. | [Filed concurrently with Notice of Motion and Motion, Declaration of Tyler Z. Bernstein, and [Proposed] Order] |
| | Date:  June 1, 2020 Time: UNDER SUBMISSION Ctrm: 9B |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................... 8

RELEVANT BACKGROUND ....................................................................... 10

LEGAL STANDARD ................................................................................... 11

ARGUMENT ............................................................................................... 14

    I.     The Complaint Should Be Dismissed For Failure To Plead With Specificity ............................................................................................ 14

        A.     Plaintiff's State-Wide Allegations Are Inadequate To Survive A Motion To Dismiss ................................................. 14

        B.     Plaintiff's Location-Wide Class Allegations Also Fail ............. 17

    II.    Plaintiff's First and Sixth Causes of Action Are Barred By The Statute Of Limitations ................................................................... 17

        A.     Plaintiff's First Cause of Action Is Untimely ........................... 18

        B.     Plaintiff's Sixth Cause of Action Is Also Time-Barred ............. 19

        C.     Plaintiff's PAGA Claim Does Not Toll The Statute of Limitations For The First Or Sixth Causes Of Action .............. 20

        D.     Plaintiff's Section 17200 Claim Does Not Salvage Her Untimely Claims ..................................................................... 21

    III.    Plaintiff Lacks Standing To Pursue Injunctive Relief ......................... 22

CONCLUSION ............................................................................................. 24

## TABLE OF AUTHORITIES

Page(s)

<u>Federal Cases</u>

*Andersen v. Schwan Food Co.*
    2013 WL 3989562 (N.D. Cal. Aug. 2, 2013).......................................................19

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ..............................................................................................12

*In re Bank of Am. Wage & Hour Emp't Litig.*
    2010 WL 4180567 (D. Kansas Oct. 20, 2010).......................................................21

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) .......................................................................................11, 12

*Bellinghausen v. Tractor Supply Co.*
    2013 WL 5090869 (N.D. Cal. Sept. 13, 2013).....................................................13

*Blackwell v. Skywest Airlines*
    245 F.R.D. 453 (S.D. Cal. 2007) .........................................................................19

*Brown v. Wal-Mart Stores, Inc.*
    2013 WL 1701581 (N.D. Cal. Apr. 18, 2013).....................................................12

*Bush v. Vaco Tech. Servs., LLC*
    2018 WL 2047807 (N.D. Cal. May 2, 2018) .......................................................20

*Campbell v. City of San Antonio*
    43 F.3d 973 (5th Cir. 1995) ..................................................................................12

*De La Torre v. Am. Red Cross*
    2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) .......................................................19

*Deirmenjian v. Deutsche Bank, A.G.*
    526 F. Supp. 2d 1068 (C.D. Cal. 2007).................................................................11

*Deleon v. Time Warner Cable LLC*
    2009 WL 9426145 (C.D. Cal. July 17, 2009) ................................................13, 16

*Dodd-Owens v. Kyphon, Inc.*
    2007 WL 3010560 (N.D. Cal. Oct. 12, 2007).....................................................13

*Elliot v. Spherion Pac. Work, LLC*
   368 F. App'x 761 (9th Cir. 2010) .......................................................... 19

*Flores v. Starwood Hotels & Resorts Worldwide Inc.*
   2015 WL 12912337 (C.D. Cal. Mar. 16, 2015) ......................................... 8, 13, 16

*Harding v. Time Warner, Inc.*
   2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ................................................. 12, 16

*Landers v. Quality Commc'ns, Inc.*
   771 F.3d 638 (9th Cir. 2014) .............................................................. 12

*litigation." Starr v. Baca*
   652 F. 3d 1202 (9th Cir. 2011) .......................................................... 12

*Lopez v. Wendy Rest. Grp.*
   2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) ..................................... 12

*Marable v. Nitchman*
   262 F. App'x 17 (9th Cir. 2007) ........................................................... 22

*Mazzei v. Regal Entertainment Grp.*
   2013 WL 6633079 (C.D. Cal. Dec. 13, 2013) ..................................... 20

*McCullough v. Office Depot, Inc.*
   2010 WL 11601309 (C.D. Cal. Dec. 14, 2010) .................................... 22

*Mendez v. J. H. Heinz Co., L.P.*
   2012 WL 12888526 (C.D. Cal. Nov. 13, 2012)
    ......................................................................... 13, 14, 16, 17

*Milligan v. American Airlines, Inc.*
   327 F. App'x 694 (9th Cir. 2009) ...................................................... 23

*Montecino v. Spherion Corp.*
   427 F. Supp. 2d 965 (C.D. Cal. 2006) ................................................ 21

*Moss v. U.S. Secret Service*
   572 F.3d 962 (9th Cir. 2009) ............................................................ 12

*Ortiz v. Sodexho Operations, LLC*
   2010 WL 11552888 (C.D. Cal. Aug. 12, 2010) ............................... 13, 16

*Ovieda v. Sodexo Operations, LLC*
    2012 WL 1627237 (C.D. Cal. May 7, 2012)....................................................13, 16

*Ramirez v. Manpower, Inc.*
    2014 WL 116531 (N.D. Cal. Jan. 13, 2014) .......................................................22

*Roberts v. Corrothers*
    812 F.2d 1173 (9th Cir. 1987) ...............................................................................11

*Robles v. Schneider National Carriers, Inc.*
    2017 WL 8231246 (C.D. Cal. Aug. 15, 2017) ....................................................21

*Santos v. TWC Admin. LLC*
    2014 WL 12558009 (C.D. Cal. Aug. 4, 2014) ....................................................18

*Singer v. Becton, Dickinson & Co.*
    2008 WL 2899825 (S.D. Cal. July 25, 2008)................................................18, 21

*Skilstaf, Inc. v. CVS Caremark Corp.*
    669 F.3d 1005 (9th Cir. 2012) ...............................................................................14

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001), amended by 275 F.3d 1187 (9th Cir.
    2001) ........................................................................................................................11

*Stewart v. San Luis Ambulance, Inc.*
    2015 WL 13684750 (C.D. Cal. Aug. 13, 2015) ..................................................20

*Taylor v. Interstate Grp., LLC*
    2016 WL 861020 (N.D. Cal. Mar. 7, 2016) .........................................................20

*Telesaurus VPC, LLC v. Power*
    623 F.3d 998 (9th Cir. 2010) .................................................................................14

*Von Saher v. Norton Simon Museum of Art at Pasadena*
    592 F.3d 954 (9th Cir. 2010) ..........................................................................17, 20

*Weigele v. FedEx Ground Package Sys., Inc.*
    2010 WL 4723673 (S.D. Cal. Nov. 15, 2010).................................................13, 16

*Western Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981) .................................................................................11

State Cases

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal. 4th 1134 (2003) ........................................................... 21

*Murphy v. Kenneth Cole Prods., Inc.*
   40 Cal. 4th 1094 (2007) ........................................................... 19

*Pineda v. Bank of Am., N.A.*
   50 Cal. 4th 1389 (2010) ........................................................... 21

Federal: Statutes, Rules, Regulations, Constitutional Provisions

Fed. R. Civ. P. 23(a)(2), (a)(3) .................................................. 13

Fed. R. Civ. P. 12(b)(6) .................................................. 9, 11, 17

Fed. R. Civ. P. 12(f) ..................................................... 9, 17, 22

Fed. R. Civ. P. 23 .................................................................. 13

State: Statutes, Rules, Regulations, Constitutional Provisions

California Business and Professions Code §§ 17200, et seq. ........ 10, 21, 22

California Code Civil Procedure § 340(a) .................................. 9, 18, 19

California Labor Code § 2699.3(d) ............................................ 20

California Labor Code §§ 201-203 ............................................ 10

California Labor Code § 204 ............................................. 9, 10, 18

California Labor Code § 210(a) ................................................. 18

California Labor Code § 226 ............................................. 19, 21, 23

California Labor Code §§ 226 and 226.2 ................................ 9, 10, 19

California Labor Code §§ 226(a) and 226.2 ................................. 19

California Labor Code § 226(e) ................................................ 19

California Labor Code § 226(h) ......................................... 11, 22, 24

California Labor Code § 226.7 ................................................. 10

California Labor Code §§ 226.7 and 512 ................................................................ 10

California Labor Code §§ 510 and 1194 ................................................................ 10

California Labor Code § 2699(g)(1) ...................................................................... 23

California Labor Code § 2699.3(d) ....................................................................... 20

California Labor Code § 2699 et seq. ............................................................... 10, 11

1

## **INTRODUCTION**

2      Through Plaintiff Daisy Alvarez's ("Plaintiff") complaint ("Complaint"),

3   Plaintiff seeks to represent a putative class of all non-exempt current and former

4   hourly paid housekeepers who allegedly worked for Defendants Sheraton Operating

5   Corporation ("Sheraton") and Marriott International, Inc. ("Marriott," collectively

6   with Sheraton, "Defendants") at all of their locations throughout California in the

7   four years preceding the filing of her Complaint.  The Complaint, however, is fatally

8   defective and should be dismissed in its entirety because it fails to adequately plead

9   Plaintiff's claims with the requisite specificity.  At a minimum, the Complaint

10  asserts two causes of actions that are barred by the statute of limitations and prays

11  for injunctive relief that Plaintiff lacks standing to pursue.  The Court should grant

12  Defendants' motion.

13      <u>First</u>, Plaintiff alleges that she worked as a housekeeper only at Sheraton's

14  SLS Hotel Beverly Hills.  Yet, she brings forth a state-wide proposed class action on

15  behalf of all non-exempt housekeeping employees of Defendants throughout

16  California, despite her utter failure to present any factual support to show her

17  personal knowledge of, or reasonable belief as to, Defendants' practices and policies

18  at their other California hotels, or even with respect to others in the putative

19  location-based class.  Plaintiff cannot simply file a state-wide putative class action

20  complaint and thereby obtain free rein on pre-class certification discovery

21  concerning employees at other hotels who may not even be similarly situated to

22  Plaintiff, in order to uncover a possible basis for her conclusory allegations and

23  claims.  Indeed, courts have cautioned against permitting such a fishing expedition

24  without a sufficient factual basis.  <u>Flores v. Starwood Hotels & Resorts Worldwide</u>

25  <u>Inc.</u>, 2015 WL 12912337, at *4 (C.D. Cal. Mar. 16, 2015) ("[I]f a class action

26  complaint could survive a motion to dismiss based merely on the need for class

27  discovery, then many, if not all, class action complaints would have expansive class

28

1  allegations and definitions to permit a fishing expedition during discovery.  The

2  Court is troubled by this possibility.").

3      The Complaint clearly overreaches in an attempt to pursue a state-wide class

4  action, even though Plaintiff has no knowledge or reasonable belief as to the

5  experiences of other putative class members at the sole location she worked, let

6  alone any policies and practices at other hotels in California at which she did not

7  work.  Accordingly, the Complaint should be dismissed without leave to amend

8  under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).[1]/

9      Second, as an alternative to outright dismissal, Plaintiff's first and sixth

10  causes of action fail to state a claim upon which relief may be granted because they

11  are barred by the statute of limitations.  Plaintiff's first cause of action alleges that

12  Defendants violated California Labor Code § 204, and Plaintiff's sixth cause of

13  action alleges that Defendants violated Labor Code §§ 226 and 226.2.  Both of these

14  causes of action for penalties are subject to a one-year statute of limitations.  See

15  Cal. Code Civ. Proc. § 340(a).  Plaintiff, however, waited more than one year after

16  her employment ended to bring these claims, such that they are untimely and should

17  be dismissed with prejudice under FRCP 12(b)(6).

18      Finally, Plaintiff does not have standing to seek the injunctive relief she prays

19  for in the Complaint.  Injunctive relief aims to prevent potential future harm; it is not

20  redress for any alleged past damage.  Plaintiff alleges that she no longer is employed

21  by Defendants.  As a result, she is unable to show that she faces a real or immediate

22  threat of future injury, as is required to justify injunctive relief.  Accordingly, the

23  Court should strike this request for relief from the Complaint pursuant to FRCP

24  12(f).

25

---

26  [1]/ In the alternative, Defendants request that the Court strike Plaintiff's class
    allegations under FRCP 12(f), which authorizes a court to "strike from a pleading an
27  insufficient defense or any redundant, immaterial, impertinent, or scandalous
    matter."  See Fed. R. Civ. Proc. 12(f).

28

**RELEVANT BACKGROUND**

Plaintiff alleges that she worked as a housekeeper for Defendants from March 24, 2016 to February 5, 2019.  <u>See</u> Dkt. 1-1 (Complaint), ¶ 14.  Plaintiff alleges that she worked at Defendants' SLS Hotel, located in Beverly Hills, California.  <u>Id.</u>, ¶ 15.  She does not allege that she worked at any other location or hotel.

On March 13, 2020, more than thirteen months after her employment ended, Plaintiff filed the Complaint, alleging the following eight claims against Defendants on behalf of herself and all non-exempt housekeeping employees of Defendants in California:  (1) failure to compensate for all hours worked, in violation of Labor Code § 204; (2) failure to pay overtime wages, in violation of Labor Code §§ 510 and 1194; (3) failure to offer legally compliant meal periods, in violation of Labor Code §§ 226.7 and 512; (4) failure to offer legally compliant rest periods, in violation of Labor Code § 226.7; (5) failure to timely pay wages upon termination, in violation of Labor Code §§ 201-203; (6) failure to provide accurate itemized wage statements, in violation of Labor Code §§ 226 and 226.2; (7) violation of California Business and Professions Code §§ 17200, <u>et seq.</u> ("Section 17200"); and (8) enforcement of the Private Attorney Generals Act of 2004, Cal. Lab. Code § 2699 <u>et seq.</u> ("PAGA").  <u>Id.</u>, ¶¶ 33-120.

In the Complaint, Plaintiff alleges that she brings this action on behalf of herself and "[a]ll current and former non-exempt, hourly paid housekeepers who worked for Defendants in California" within the four years preceding the filing of the Complaint.  <u>Id.</u>, ¶ 27.  Put differently, Plaintiff proposes a class definition that encompasses a state-wide class of all current and former non-exempt housekeeping employees of Defendant, without limitation to the single hotel at which Plaintiff alleges she worked.  <u>See</u> <u>id.</u>

Plaintiff alleges only insufficient conclusory statements that the putative class members experienced a "common course of conduct" by Defendants.  <u>Id.</u>, ¶ 32(a).  Specifically, the Complaint vaguely alleges that "all members of the putative class

1  sustained substantially identical injuries and damages arising out [of] Defendants'

2  policies, practices, and common course of conduct in violation of California's law

3  and the injuries and damages of all putative class members were caused by

4  Defendants' wrongful conduct in violation of California law." Id.  Despite this

5  sweeping allegation, there are no actual facts in the Complaint demonstrating

6  Plaintiff's knowledge of, or a reasonable belief as to, Defendants' purportedly

7  "common course of conduct" as to others within Plaintiff's hotel, much less across

8  other locations throughout California at which Plaintiff was not employed.

9          Among other forms of relief, and even though she is no longer employed by

10  Defendants, Plaintiff seeks injunctive relief under Labor Code § 226(h) with respect

11  to her sixth cause of action for alleged issuance of inaccurate wage statements.  Id.,

12  ¶ 85, Prayer for Relief, ¶ D.

13                          **LEGAL STANDARD**

14          Dismissal of a cause of action is appropriate under FRCP 12(b)(6) when there

15  is either a "lack of [a] cognizable legal theory" to support a claim for relief, or an

16  "absence of sufficient facts alleged under a cognizable legal theory." Deirmenjian

17  v. Deutsche Bank, A.G., 526 F. Supp. 2d 1068, 1073 (C.D. Cal. 2007).  Though the

18  Court assumes the truth of properly pleaded factual allegations, the Court need not

19  accept as true conclusory allegations, unwarranted deductions of fact, unreasonable

20  inferences, or conclusions of law.  Sprewell v. Golden State Warriors, 266 F.3d 979,

21  988 (9th Cir. 2001), amended by 275 F.3d 1187 (9th Cir. 2001); Roberts v.

22  Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987); Western Mining Council v. Watt,

23  643 F.2d 618, 624 (9th Cir. 1981).

24          As explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a

25  complaint must set forth "more than labels and conclusions, and a formulaic

26  recitation of the elements of a cause of action will not do.  Factual allegations must

27  be enough to raise a right to relief above the speculative level." Id. at 555. "The

28  Complaint must contain direct allegations on every material point necessary to

1  sustain a recovery." <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir.

2  1995).  A complaint must contain factual allegations sufficient to "state a claim to

3  relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570; <u>Ashcroft v. Iqbal</u>,

4  556 U.S. 662 (2009).  Where a complaint fails to assert sufficient facts, the

5  reviewing court has the authority to determine whether the allegations are merely

6  conceivable (in which case dismissal is appropriate) versus whether they are

7  actually plausible. <u>Iqbal</u>, 556 U.S. at 677-80.  A complaint is not sufficient if it

8  merely "tenders naked assertions devoid of further factual enhancement;" it requires

9  more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." <u>Id.</u> at

10 678 (internal quotations omitted).  Facts that are "'merely consistent with' a

11 defendant's liability" fall far short of a plausible entitlement to relief. <u>Id.</u> (citing

12 <u>Twombly</u>, 550 U.S. at 557).

13      Following <u>Twombly</u>, the Ninth Circuit has held that the allegations in a

14 complaint must contain factual allegations that, when taken as true, "plausibly

15 suggest an entitlement to relief, such that it is not unfair to require the opposing

16 party to be <u>subjected to the expense of discovery and continued litigation</u>." <u>Starr v.</u>

17 <u>Baca</u>, 652 F. 3d 1202, 1216 (9th Cir. 2011) (emphasis added); <u>Moss v. U.S. Secret</u>

18 <u>Service</u>, 572 F.3d 962, 970 (9th Cir. 2009) (same).

19      Federal courts have regularly applied these standards to dismiss wage and

20 hour claims pleaded in conclusory fashion.  Indeed, the Ninth Circuit affirmed such

21 a dismissal. <u>Landers v. Quality Commc'ns, Inc.</u>, 771 F.3d 638, 646 (9th Cir. 2014).

22 Several other courts have done so as well. <u>Harding v. Time Warner, Inc.</u>, 2009 WL

23 2575898, at *1, *4 (S.D. Cal. Aug. 18, 2009) (allegations that defendant failed to

24 "pay and properly calculate overtime" did not "allege sufficient 'non-conclusory

25 factual content' to be 'plausibly suggestive of a claim entitling the plaintiff to

26 relief'"); <u>Lopez v. Wendy Rest. Grp.</u>, 2011 WL 6967932, at *3 (C.D. Cal. Sept. 19,

27 2011) (dismissing conclusory meal and rest period claims); <u>Brown v. Wal-Mart</u>

28 <u>Stores, Inc.</u>, 2013 WL 1701581, at *5 (N.D. Cal. Apr. 18, 2013) (same);

1    Bellinghausen v. Tractor Supply Co., 2013 WL 5090869, at *3-4 (N.D. Cal. Sept.

2    13, 2013) (same); Weigele v. FedEx Ground Package Sys., Inc., 2010 WL

3    4723673, at *4-6 (S.D. Cal. Nov. 15, 2010) (same).

4         Moreover, FRCP 23 sets forth specific requirements for the maintenance of a

5    class action, including commonality (i.e., the predominance of common issues of

6    law or fact among members of the class) and typicality (i.e., the named plaintiff's

7    claims are typical of those of the class as a whole).  See Fed. R. Civ. P. 23(a)(2),

8    (a)(3).  At the pleading stage, a plaintiff must include specific factual allegations

9    that such class action requirements are satisfied.  Dodd-Owens v. Kyphon, Inc.,

10    2007 WL 3010560, at *4 (N.D. Cal. Oct. 12, 2007); Mendez v. J. H. Heinz Co.,

11    L.P., 2012 WL 12888526, at *4 (C.D. Cal. Nov. 13, 2012) (dismissing complaint

12    for failing to allege facts demonstrating or suggesting that plaintiff's work

13    experiences were similar to those of the putative class); Ovieda v. Sodexo

14    Operations, LLC, 2012 WL 1627237, at *4 (C.D. Cal. May 7, 2012) (dismissing

15    class allegations for failing to meet minimum pleading requirements where there

16    were no allegations describing her work duties, whether policies and practices were

17    company-wide or unique to her job site, or to demonstrate or suggest that any

18    member of the putative class had similar work experiences); Ortiz v. Sodexho

19    Operations, LLC, 2010 WL 11552888, at *1-2 (C.D. Cal. Aug. 12, 2010)

20    (dismissing complaint where plaintiffs' class allegations fell short of the necessary

21    factual showing of how defendants violated California wage-and-hour laws as

22    against the putative class members or of how defendants supposedly treated all

23    putative class members the same as plaintiff); Deleon v. Time Warner Cable LLC,

24    2009 WL 9426145, at *2-3 (C.D. Cal. July 17, 2009); Flores, 2015 WL 12912337,

25    at *3-4 (granting 12(b)(6) motion where plaintiffs in a wage-hour class action failed

26    to provide sufficient factual allegations to support a state-wide class action).

27         In other words, "[t]o adequately assert class allegations, Plaintiff must allege

28    facts that would plausibly suggest that members of the putative class are subjected

to the same offending policies." <u>Mendez</u>, 2012 WL 12888526, at *4.  Plaintiff has failed to do so here, as set forth more fully below, and for these reasons, this Court should exercise its discretion to deny Plaintiff leave to amend her Complaint with respect to the defectively alleged class claims and untimely causes of action. <u>Telesaurus VPC, LLC v. Power</u>, 623 F.3d 998, 1003 (9th Cir. 2010).

## **ARGUMENT**

## **I.     The Complaint Should Be Dismissed For Failure To Plead With Specificity**

This Court should grant Defendants' Motion to Dismiss because Plaintiff's Complaint fails to state a claim upon which relief can be granted even after "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." <u>Skilstaf, Inc. v. CVS Caremark Corp.</u>, 669 F.3d 1005, 1014 (9th Cir. 2012).  In order to survive a motion to dismiss, Plaintiff <u>must assert sufficient facts</u> to show that the alleged wage and hour policies and practices of shift and department managers, including those of meal and rest periods, minimum wages, overtime, wage statements, and final pay were implemented on both a hotel-wide, and state-wide, basis during the relevant class period.  She must also allege sufficient facts showing that both she and all other putative class members are entitled to relief.  It is abundantly clear that Plaintiff has not done so.

A.     <u>Plaintiff's State-Wide Allegations Are Inadequate To Survive A Motion To Dismiss</u>

Here, Plaintiff makes sweeping conclusory class allegations <u>without any supporting facts</u>, which is fatal to her state-wide class claims.  For example, she vaguely asserts that Defendants had a "uniform policy and practice of failing to pay Plaintiff and the putative class the proper wages for all hours worked" and that Defendants had alleged "policies and procedures forcing Plaintiff and the putative class members to perform work [on meal and rest breaks] by not relieving them of their duty." <u>E.g.</u>, Dkt. 1-1 (Complaint), ¶¶ 19-20, 49.  Plaintiff also alleges that

class treatment is proper because "the claims of Plaintiff are typical of the putative class because all members of the putative class sustained substantially identical injuries and damages arising out [of] Defendants' policies, practices, and common course of conduct … ."  Id., ¶ 32(a).

Noticeably absent, however, is any explanation or allegation as to how Plaintiff has any reason to believe that Defendants' practices are uniform.  This absence of factual allegations makes sense since, according to the Complaint, Plaintiff worked at just one of Defendants' hotels, despite alleging that Defendants operate numerous hotels and lodging facilities throughout California.  Id., ¶¶ 6-7, 15.  Indeed, Plaintiff raises no allegations that lay any foundation as to Plaintiff's personal knowledge of her broad claims or that provide a basis for a reasonable belief that her allegations are true, particularly as to a putative state-wide class.  She asserts no factual allegations to identify other hotels of Defendants in California, what working conditions were in place, how she knows certain policies were or were not followed, what wages non-exempt housekeeping employees at those hotels were paid, why and when other non-exempt housekeeping employees allegedly did not receive compliant meal and rest periods, and what information was or was not contained on other employees' wage statements, among other critical omissions.[2]  Without more, Plaintiff has not demonstrated that she is similarly situated to her putative class members or has standing to bring such representative or class claims on behalf of individuals at other of Defendants' hotels.

Based on meet and confer discussions, Defendants anticipate that Plaintiff will claim that Defendants' Motion is premature.  See Declaration of Tyler Z. Bernstein ("Bernstein Decl."), ¶ 4, Exh. C at 3.  Not so.  The possibility that open-

---

[2]/ It would be difficult for Plaintiff to assert such allegations, given that upon Defendants' information and belief, Plaintiff has only worked at one of Sheraton's locations in California, the SLS Hotel.  See Dkt. 1-1, ¶ 15.

ended discovery might lead to factual support for Plaintiff's claims does not salvage her otherwise defective Complaint.  Plaintiff's class allegations are precisely the type of overly broad class allegations that the District Courts of California, including in the Central District, have dismissed at the pleading stage prior to permitting discovery.  Mendez., 2012 WL 12888526, at *4; Ovieda, 2012 WL 1627237, at *4; Ortiz, 2010 WL 11552888, at *1-2  Deleon, 2009 WL 9426145, at *2-3; Weigele, 2010 WL 4723673, at *4-6; Harding, 2009 WL 2575898, at *1, *4.  For example, in Flores, the Court opined on whether it was proper to dismiss plaintiffs' state-wide class claims on a motion to dismiss due to lack of specificity, prior to the class certification stage.  In holding that dismissal was called for, the Court stated:

> Plaintiffs argue generally at various points in their Opposition that they should be entitled to class discovery because that essentially would provide information to support their claims[.] It's true that in class actions, the certifiability of a class will be examined at a later date. But to determine the sufficiency of claims in class action at that later point would mean that in the class action context all motions for class certification would also be motions to dismiss. A quick review of cases in the class action context would show motions to dismiss and motions for class certification are handled at different stages in an action. Also, if a class action complaint could survive a motion to dismiss based merely on the need for class discovery, then many, if not all, class action complaints would have expansive class allegations and definitions to permit a fishing expedition during discovery. The Court is troubled by this possibility.

Flores, 2015 WL 12912337, at *4 (emphasis added).  The Flores court ultimately dismissed Plaintiff's class allegations from the Complaint.

Simply put, Plaintiff's state-wide class allegations epitomize the type of legally deficient pleadings held to be improper under Twombly/Iqbal.  If Plaintiff is allowed to pursue her claims, Defendants will be forced to engage in an extraordinarily wide open discovery process as to Plaintiff's allegations regarding failure to provide meal and rest periods, failure to pay minimum wages and overtime, failure to provide accurate wage statements, and waiting time penalties as

to every non-exempt housekeeping employee of Defendants in California over a four year period.  Not dismissing Plaintiff's broad class action allegations would improperly permit Plaintiff to engage in a state-wide fishing expedition at a tremendous and unnecessary cost to Defendants, and without having adequately pleaded factual support for her putative class claims.  Plaintiff's Complaint should be dismissed under FRCP 12(b)(6) without leave to amend.[3]

        B.     <u>Plaintiff's Location-Wide Class Allegations Also Fail</u>

Plaintiff's class allegations are not able to withstand a motion to dismiss on a location-wide basis for the same reasons:  Plaintiff raises no allegations that provide any foundation whatsoever as to Plaintiff's personal knowledge of her broad claims or that provide a basis for a reasonable belief that her allegations are true, even as to the a putative location-wide class.  As provided in <u>Mendez</u>, 2012 WL 12888526, Plaintiff must allege, at a minimum, facts that would establish that she had similar work experiences as other putative class members.  <u>Id.</u> at *4.  Plaintiff has not done so here.

**II.    <u>Plaintiff's First and Sixth Causes of Action Are Barred By The Statute Of Limitations</u>**

Alternatively, in the event the Court declines to dismiss the Complaint altogether for its insufficient allegations, the Court should dismiss with prejudice Plaintiff's first and sixth causes of action because they are each barred by the statute of limitations.  <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations" when the "running of the statute is apparent on the face of the complaint.").

---

[3] / In the alternative, Defendants request that the Court strike Plaintiff's class allegations under FRCP 12(f).

A.    <u>Plaintiff's First Cause of Action Is Untimely</u>

Plaintiff's first cause of action alleges that Defendants failed to compensate Plaintiff and putative class members for all hours worked in violation of Labor Code § 204.  <u>See</u> Dkt. 1-1, ¶¶ 33-41.  The sole remedy for a violation of Labor Code § 204 is found in Labor Code § 210(a), which provides:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:  (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.  (2) For each subsequent violation, or any willful or intention violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount withheld.

<u>See</u> Lab. Code § 210(a).

This cause of action is untimely because Plaintiff waited more than one year after her employment ended to file suit.  An action upon a statute seeking civil penalties is subject to a one-year statute of limitations.  <u>See</u> Cal. Code Civ. Proc. § 340(a).  "Because section 210 is explicitly an award of a penalty, the applicable statute of limitations is the one year limit set forth in CCP § 340(a)."  <u>Singer v. Becton, Dickinson & Co.</u>, 2008 WL 2899825, at *3 (S.D. Cal. July 25, 2008); <u>Santos v. TWC Admin. LLC</u>, 2014 WL 12558009, at *11 n.73 (C.D. Cal. Aug. 4, 2014) ("The statute of limitations on [plaintiff's] § 204 claim [] is one year.").  Plaintiff conceded in meet and confer correspondence that "Plaintiff agrees that Plaintiff's first and sixth causes of action have a one-year statute of limitations." <u>See</u> Bernstein Decl., ¶ 4, Exh. C at 2.

Plaintiff alleges that her last day of employment with Defendants was on February 5, 2019.  <u>See</u> Dkt. 1-1, ¶ 14.  To be timely, Plaintiff was required to bring this claim no later than February 5, 2020, one year later.  Plaintiff failed to do so, waiting instead until March 13, 2020 to file suit.  This claim is thus barred by the statute of limitations, such that the claim should be dismissed without leave to amend.  <u>Singer</u>, 2008 WL 2899825, at *3 (holding that plaintiff's claim under Labor

1  Code § 204 "filed more than one year after his employment with [d]efendants

2  ended, must be dismissed because it is barred by the statute of limitations")

3        B.     Plaintiff's Sixth Cause of Action Is Also Time-Barred

4        Plaintiff's sixth cause of action is similarly untimely and nonactionable.

5  Plaintiff's sixth cause of action alleges that Defendants failed to provide accurate,

6  itemized wage statements to Plaintiff and putative class members, in violation of

7  Labor Code §§ 226(a) and 226.2.  See Dkt. 1-1, ¶¶ 76-88.  Plaintiff alleges that

8  Defendants' failure to issue accurate wage statements "trigger[s] penalties under

9  both sections 226(e) and 226.3."  Id., ¶ 84.

10        As Plaintiff concedes, Plaintiff's Labor Code §§ 226 and 226.2 claims are

11  also subject to a one-year statute of limitations because the remedy for a violation of

12  Labor Code § 226 is a statutory penalty.  See Lab. Code § 226(e) (permitting an

13  award of an "aggregate penalty of four thousand dollars" for qualifying pay stub

14  violations) (emphasis added); id., § 226.2(a)(2) ("the provisions of Section 226 shall

15  also be applicable" to Section 226.2); Cal. Code Civ. Proc. § 340(a); see also

16  Bernstein Decl., ¶ 4, Exh. C. at 2 ("Plaintiff agrees that Plaintiff's [] sixth cause of

17  action[] ha[s] a one-year statute of limitations."); Murphy v. Kenneth Cole Prods.,

18  Inc., 40 Cal. 4th 1094, 1108-1109 (2007); Elliot v. Spherion Pac. Work, LLC, 368

19  F. App'x 761, 764 (9th Cir. 2010) (holding that Labor Code Section 226 carries a

20  one-year statute of limitations); De La Torre v. Am. Red Cross, 2013 WL 5573101,

21  at *6 (C.D. Cal. Oct. 9, 2013) (same); Andersen v. Schwan Food Co., 2013 WL

22  3989562, at *6 (N.D. Cal. Aug. 2, 2013) (same); Blackwell v. Skywest Airlines, 245

23  F.R.D. 453, 462 (S.D. Cal. 2007) (same).

24        As with Plaintiff's first cause of action, and because Plaintiff alleges that her

25  last day of employment with Defendants was February 5, 2019 (see Dkt. 1-1, ¶ 14),

26  the statute of limitations required that Plaintiff bring this claim by February 5, 2020.

27  Plaintiff, however, waited until March 13, 2020 to file suit, more than thirteen

28

1   months after her employment ended.  This claim is thus time-barred and leave to

2   amend would be futile.  See Von Saher, 592 F.3d at 969.

3         C.     Plaintiff's PAGA Claim Does Not Toll The Statute of Limitations For
The First Or Sixth Causes Of Action

4         Plaintiff's anticipated reliance on PAGA as supposedly tolling the one-year

5   statute of limitations on her first and sixth causes of action is misplaced.  During the

6   meet and confer, Plaintiff claimed that the filing of her PAGA notice with the Labor

7   & Workforce and Development Agency ("LWDA") tolled the statute of limitations

8   for her PAGA and non-PAGA causes of action for an additional sixty-five days.

9   See Bernstein Decl., ¶ 4, Exh. C at 2.  This argument misapprehends that the

10   statutory tolling period in PAGA applies to PAGA claims only, not other alleged

11   violations of the Labor Code.

12         PAGA provides that the one-year statute of limitations for bringing a PAGA

13   claim is tolled while a plaintiff exhausts administrative remedies with the LWDA.

14   See Cal. Lab. Code § 2699.3(d) ("The periods specified in this section are not

15   counted as part of the time limited for the commencement of a civil action to

16   recover penalties under this part.")  (emphasis added).  The tolling provision's plain

17   language makes clear that it applies only to a claim under PAGA; there is nothing in

18   PAGA that tolls the statutory time limits for filing claims pursuant to any other part

19   of the Labor Code.  Id.; Bush v. Vaco Tech. Servs., LLC, 2018 WL 2047807, at *12

20   (N.D. Cal. May 2, 2018) ("PAGA's statute of limitations may be tolled for up to 65

21   days"); Stewart v. San Luis Ambulance, Inc., 2015 WL 13684750, at *4 (C.D. Cal.

22   Aug. 13, 2015) ("Section 2699.3 tolls the statute of limitations for PAGA claims.")

23   (emphasis added); Taylor v. Interstate Grp., LLC, 2016 WL 861020, at *3 (N.D.

24   Cal. Mar. 7, 2016) ("The one-year limitations periods for PAGA civil penalties

25   begins to toll upon filing notice to the LWDA for a PAGA investigation."); Mazzei

26   v. Regal Entertainment Grp., 2013 WL 6633079, at *3 (C.D. Cal. Dec. 13, 2013)

27

28

(explaining "PAGA exempts the administrative exhaustion time periods from the limitations periods" for PAGA claims).

The sole authority Plaintiff cited during the meet and confer, <u>Robles v. Schneider National Carriers, Inc.</u>, 2017 WL 8231246 (C.D. Cal. Aug. 15, 2017), is in accord.  <u>See</u> Bernstein Decl., ¶ 4, Exh. C at 2.  In <u>Robles</u>, the defendant did not move to dismiss any of cause of action on statute of limitations grounds.  <u>Robles</u>, 2017 WL 8231246, at *1-7.  Instead, in seeking to dismiss the plaintiff's PAGA claim on the basis that the plaintiff failed to seek leave to amend, the court considered whether the PAGA claim was time barred.  <u>Id.</u> at *8.  The court held it was not untimely, noting that PAGA's one-year statute of limitations "may be tolled for up to 65 days."  <u>Id.</u>  <u>Robles</u> is thus a red herring, as Defendants have not moved against Plaintiff's PAGA claim on timeliness grounds, and <u>Robles</u> just echoes the statutory tolling provided for with respect to claims <u>under PAGA</u> (no others).  These causes of action remain untimely, notwithstanding the PAGA claim.

D.   <u>Plaintiff's Section 17200 Claim Does Not Salvage Her Untimely Claims</u>

Plaintiff's inclusion of a cause of action under Section 17200 does not extend the one-year statute of limitations for Plaintiff's first or sixth causes of action because those claims for statutory penalties are not subject to restitution.  <u>See</u> Dkt. 1-1, ¶¶ 89-102; <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1150 (2003) (holding that claims that do not seek restitution of vested amounts are not within the purview of Section 17200); <u>Pineda v. Bank of Am., N.A.</u>, 50 Cal. 4th 1389, 1401-02 (2010) (statutory claims for penalties are not recoverable under Section 17200); <u>Singer</u>, 2008 WL 2899825, at *3 (explaining "the presence of the derivative Section 17200 claim does not serve to extend the limitations periods for the cause of action from which it derives"); <u>In re Bank of Am. Wage & Hour Emp't Litig.</u>, 2010 WL 4180567, at *11 (D. Kansas Oct. 20, 2010) (penalties under § 226 are not recoverable under Section 17200); <u>Montecino v. Spherion Corp.</u>, 427 F.

1  Supp. 2d 965, 967-68 (C.D. Cal. 2006) (holding Section 17200 does not extend the

2  statute of limitations period for a claim for statutory penalties under § 203).  As

3  such, Plaintiff's first and sixth causes of action remain subject to a one-year, not

4  four-year, statute of limitations, and Plaintiff failed to file suit within the requisite

5  time period.

6  **III.    <u>Plaintiff Lacks Standing To Pursue Injunctive Relief</u>**

7         The Court should strike Plaintiff's request for injunctive relief because

8  Plaintiff does not have standing to seek the injunctive relief she prays for in the

9  Complaint.  Specifically, with respect to Plaintiff's sixth cause of action for

10  allegedly inaccurate wage statements, Plaintiff seeks "injunctive relief to end

11  Defendants' illegal issuance of inaccurate wage statements pursuant to California

12  Labor Code § 226(h)."  <u>See</u> Dkt. 1-1, ¶ 85; Prayer, ¶ D.

13         "To have standing to seek injunctive relief, [a plaintiff] must show that

14  without the injunction there would be a likelihood of repeated injury or future

15  harm."  <u>Marable v. Nitchman</u>, 262 F. App'x 17, 22 (9th Cir. 2007).  The threat must

16  be "real and immediate," and "[p]ast wrongs . . . do not, in themselves, demonstrate

17  a present case."  <u>Id.</u>

18         Given that Plaintiff is no longer employed by Defendants (<u>see</u> Dkt. 1-1, ¶ 14),

19  there is no real or immediate likelihood of repeated injury and Plaintiff's request for

20  injunctive relief should be stricken.  <u>McCullough v. Office Depot, Inc.</u>, 2010 WL

21  11601309 (C.D. Cal. Dec. 14, 2010), is instructive. There, among other claims, the

22  plaintiff alleged that defendants provided inaccurate wage statements, and sought

23  injunctive relief to ensure compliance with the wage statement statute.  <u>Id.</u> at *4-5.

24  Like here, however, the plaintiff in <u>McCullough</u> no longer worked for the defendant.

25  <u>Id.</u> at *5.  As a result, the Court held that "Plaintiff cannot claim that he is likely to

26  receive non-compliant wage statements in the future or that other asserted violations

27  will harm him in the future," and accordingly struck the request for injunctive relief

28  under FRCP 12(f).  <u>Id.</u>; <u>see also</u> <u>Ramirez v. Manpower, Inc.</u>, 2014 WL 116531, at

1   *7 (N.D. Cal. Jan. 13, 2014) ("a former employee lacks standing to seek prospective

2   injunctive relief on behalf of a putative class containing both former and current

3   employees").

4        The Ninth Circuit reached a similar conclusion in <u>Milligan v. American</u>

5   <u>Airlines, Inc.</u>, 327 F. App'x 694 (9th Cir. 2009), holding that a former employee of

6   the defendant lacked standing to seek injunctive relief under Labor Code Section

7   226 because the plaintiff no longer faced a real or immediate threat of irreparable

8   injury by the defendant's alleged employment practices.  <u>Id.</u> at 696.  The Ninth

9   Circuit expressly rejected the argument that the existence of putative class action

10  claims alters the injunctive relief standing analysis.  <u>Id.</u> (holding that Ninth Circuit

11  and U.S. Supreme Court precedent "directly rebut [plaintiff's] argument that she

12  need not be a current [] employee to seek injunctive relief, because she brings a

13  class action claim").

14       In her meet and confer correspondence, Plaintiff confounded her alleged

15  standing <u>under PAGA</u> as entitling her to seek injunctive relief <u>under Labor Code</u>

16  <u>§ 226</u>, even though she no longer works for Defendants.  <u>See</u> Bernstein Decl., ¶ 4,

17  Exh. C at 3.  This argument fails for two key reasons.  <u>First</u>, Plaintiff only seeks

18  injunctive relief with respect to her sixth cause of action for alleged violations of

19  Labor Code § 226.  <u>See</u> Dkt. 1-1, ¶ 85.  She does <u>not</u> seek any injunctive relief

20  pursuant to or on account of her PAGA claims.  <u>Id.</u>, ¶ 120 ("Plaintiff, as an

21  aggrieved employee, and on behalf of all other aggrieved employees, is entitled to

22  collect all civil penalties, attorney fees, interest, costs and expenses related to this

23  Complaint.").  <u>Second</u>, PAGA does not authorize Plaintiff to seek injunctive relief.

24  Labor Code § 2699(g)(1) only permits Plaintiff to potentially recover the "civil

25  penalty" set forth in PAGA, possibly along with reasonable attorneys' fees and

26  costs.  The only way a PAGA plaintiff, like Plaintiff, can pursue injunctive relief is

27  if such relief is "available under state or federal law," but not under PAGA.  <u>See</u>

28  Cal. Lab. Code § 2699(g)(1).  Plaintiff's alleged standing under PAGA thus has

nothing to do with, nor does it save, her improper request for injunctive relief under Labor Code § 226(h).

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss Plaintiff's Complaint without leave to amend.[4]/  Alternatively, Defendants respectfully request that the Court dismiss Plaintiff's untimely first and sixth causes of action with prejudice and strike Plaintiff's request pursuant to California Labor Code § 226(h) for injunctive relief.

Dated:  April 27, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____/s/ Tyler Z. Bernstein_____
GREG S. LABATE
TYLER Z. BERNSTEIN
Attorneys For Defendants
SHERATON OPERATING CORPORATION
and MARRIOTT INTERNATIONAL, INC

---

[4]/ In the alternative, Defendants request that the Court strike Plaintiff's class allegations from the Complaint.

Case No. 2:20-cv-03608 TJH (JCx)

SMRH:4845-1870-8410.2                    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT